UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 19-cv-733-pp

HAYWOOD INGRAM,

    Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 7)**

On May 16, 2019, the plaintiff sued the defendant, alleging that he'd defaulted on two Small Business Administration Secured Disaster Loans; one default occurred in June 2013, the other in October 2013. Dkt. Nos. 1, 1-2. The attachment to the complaint indicated that the defendant owed principal, debt management services fees and Department of Justice fees for both loans, as well as interest through January 31, 2019 on the loan that went into default in October 2013. Dkt. No. 1-2.

On May 17, 2019, Magistrate Judge David E. Jones ordered the plaintiff to provide proof of service or a report on the status of service within sixty days. Dkt. No. 3. On May 24, 2019, the plaintiff filed a certificate of service indicating that on May 16, 2019, it had sent the summons, complaint and other documents to the defendant via certified mail at 3040 North 58th Street, Milwaukee, WI 53210. Dkt. No. 4. The plaintiff attached a certified mail receipt

1

and a print-out from the Post Office's tracking division showing an expected delivery date of May 18, 2019 by 8:00 p.m. Dkt. No. 4-1.

On June 20, 2019, the plaintiff requested a summons. Dkt. No. 5. On August 7, 2019, the plaintiff filed a Process Receipt and Return form from the U.S. Marshal service. Dkt. No. 6. The form reflected that on June 26, 2019, the plaintiff had forwarded the complaint to the Marshal to effect service. On July 1, 2019 at 3:30 p.m., "Not Home, cellphone number 414-217-6919 developed." Id. July 8, 2019 at 8:45 a.m., "Contact by phone, stated out of state, hung up." Id. July 8, 2019 at 10:45 a.m., "Knocked, no answer, two cars in driveway." Id. Following this entry was the numeral "e," circled, with the word "served" next to it. Id. The form identified the person served as "Zatarin Ingram—Daughter" and reflected a service date of July 29, 2019 at 12:00 p.m. Id.

On August 22, 2019, the plaintiff filed this motion, seeking entry of default and default judgment. Dkt. No. 7. The clerk entered default that same day. The plaintiff also filed a declaration in support of the motion for default judgment. Dkt. No. 8.

When it reviewed the motion for default judgment, this court became concerned that the plaintiff had not demonstrated proper service, and it issued an order to show cause, requiring the plaintiff to provide proof. Dkt. No. 9. On January 3, 2020, the court received the plaintiff's response to that order. Dkt. No. 13. The response clarifies that the "Zataria Ingram" with whom the Marshal left the summons and complaint on July 29, 2019 was, at that time, over nineteen years old and appeared to reside at the residence. Id. at 2. Further,

the plaintiff indicated that on December 12, 2019, it sent another summons and complaint to the defendant via certified mail; this time, it obtained a return receipt signed by the defendant. Id. The plaintiff also represents that on December 17, 2019, the defendant called counsel for the plaintiff and said that he had received the summons and complaint. Id.

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This is the provision that required the court to assure itself that the defendant was aware of the suit and still did not respond. With the additional information provided in the plaintiff's response to the order to show cause, the court concludes that the plaintiff effectuated proper service on the defendant when it left the complaint with the defendant's daughter on July 29, 2019. The court concludes that the defendant is aware of the lawsuit, but that he has failed to respond. The clerk's entry of default was proper.

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages

are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)).

A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." E360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

As the court indicated, the plaintiff attached to the complaint certifications by Natalie Stubbs, the financial program specialist at the U.S. Department of the Treasury. Dkt. No. 1-2. These certifications, made under penalty of perjury under 28 U.S.C. §1746, state that the defendant owes the following:

Treasury Claim TRFM2014152448

| | |
|---|---|
| Principal: | $22,466.64 |
| DMS fees: | $ 7,189.32 |
| DOJ fees: | $    917.19 |
| TOTAL: | $30,573.15 |

Treasury Claim TRFM1600031412

| | |
|---|---|
| Principal: | $53,077.41 |
| Interest (through Jan. 31, 2019: | $12,409.55 |
| DMS fees: | $20,955.83 |
| DOJ fees: | $ 2,673.49 |
| TOTAL: | $89,116.28 |

Because the debt is liquidated and capable of ascertainment through these certifications, default judgment is appropriate, and no hearing is necessary.

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 7.

The court **ORDERS** that the clerk of court shall enter default judgment in favor of the plaintiff and against the defendant in the following amounts:

Treasury Claim TRFM2014152448

| | |
|---|---|
| Principal: | $22,466.64 |
| DMS fees: | $ 7,189.32 |
| DOJ fees: | $    917.19 |
| TOTAL: | $30,573.15 |

Treasury Claim TRFM1600031412

| | |
|---|---|
| Principal: | $53,077.41 |
| Interest (through Jan. 31, 2019): | $12,409.55 |
| DMS fees: | $20,955.83 |
| DOJ fees: | $ 2,673.49 |
| TOTAL: | $89,116.28 |

The court **ORDERS** that on Treasury Claim TRFM1600031412, additional interest accrues between January 31, 2019 and the date of judgment at the annual rate of 4%; from the date of judgment, interest will be compounded annually and post-judgment interest will be charged on the principal amount at the annual rate of 1.77% until the indebtedness is paid in full.

The clerk shall enter judgment accordingly.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

Dated in Milwaukee, Wisconsin this 6th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**